Douglas B. Provencher (77823)
PROVENCHER & FLATT LLP
823 Sonoma Avenue
Santa Rosa, CA 95404-4714
Telephone: (707) 284-2380
Facsimile: (707) 284-2387

Attorneys for Linda S. Green, Trustee

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 19-30207 |
| **HARVEY ROBERT KLYCE** | Chapter 7 |
| Debtor. | Judge Hannah L. Blumensteil |
| **LINDA S. GREEN, Trustee in Bankruptcy,** | A.P. No. 19-03051 |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR:** |
| | **1. AVOIDANCE AND RECOVERY OF INTENTIONAL FRAUDULENT TRANSFER** |
| v. | **2. AVOIDANCE AND RECOVERY OF CONSTRUCTIVE FRAUDULENT TRANSFER** |
| **VANJA ELISABETH FLAK, NORWEGIAN STATE EDUCATIONAL LOAN FUND,** | **3. AVOIDANCE OF A PREFERENTIAL TRANSFER AND TURNOVER OF PROPERTY** |
| Defendant. | |

Plaintiff alleges:

**JURISDICTION AND VENUE**

1. On February 25, 2019, the debtor, Harvey Robert Klyce filed a Chapter 7

1
First Amended Complaint                                                                                           Green v. Falk
Case: 19-03051    Doc# 10    Filed: 12/18/19    Entered: 12/18/19 10:19:14    Page 1 of 5

proceeding in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division. Linda S. Green is the Chapter 7 trustee assigned to this case. The trustee has standing to bring this action under 11 USC §§ 323, 544, 547, 548 and 550.

2. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 USC §§ 1334 and 157. Venue is proper under 28 USC § 1409.

3. This matter is a core proceeding as defined in 28 USC § 157(b)(2)(A), (b)(2)(f) and (b)(2)(h).

## PARTIES

4. Linda S. Green is Chapter 7 trustee in the Chapter 7 of Harvey Robert Klyce.

5. The defendant, Vanja Elisabeth Flak was the Debtor's spouse at all relevant times and is defined as an "insider" under 11 USC § 101(31).

6. The defendant, Norwegian State Educational Loan Fund ("NSELF") is the recipient of the alleged fraudulent transfer and preferential transfer ("Transfer").

## GENERAL ALLEGATIONS

7. To the extent that Plaintiff asserts claims under 11 U.S.C. § 544, Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims, who can avoid the respective Transfer under California or other applicable law.

8. On January 11, 2019, the Defendant, Flak, exercised dominion and control over $21,000 of Community Property and used it to pay her premarital obligation to Defendant NSELF. There were two separate transfers, the first when Defendant Flak exercised control and dominion over the $21,000 in Community Property. The second transfer when she caused the $21,000 to be paid to the Defendant NSELF. The obligation to NSELF was not a Community Property obligation.

9. Plaintiff alleges neither the Debtor nor the Community Estate received consideration or sufficient consideration for either of the Transfers.

10. Plaintiff alleges the Defendant Flak made the Transfer with the intent to hinder, delay or defraud creditors of the debtor or the Community Estate.

11. The Debtor, Flak's spouse, filed Chapter 7 on February 25, 2019, 45 days after the Flak exercised control of the $21,000 in Community Property and sent it to NSELF.

2

# FIRST CLAIM FOR RELIEF
### (Avoidance and Recovery of Intentional Fraudulent Transfer pursuant to 11 USC §§ 544(b) and 550(a) and California Civil Code §§ 3439.04(a) and 3439.07)

12. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 11.

13. Plaintiff alleges within the four years proceeding February 25, 2019 ("Petition Date") the Debtor's spouse and defendant Falk made the Transfers for the benefit of the defendants.

14. The Transfers by the Debtor's spouse and insider Flak were done with the intent, to hinder, delay or defraud the Debtor and the Community Property Estate's creditors.

15. The Transfers were made for no consideration or insufficient consideration for the $21,000 transferred. Flak used community funds to pay her personal premarital student loan obligation.

16. The Transfers were for the benefit of the Debtor or an insider of the Debtor.

17. The Debtor and the Community Property Estate were insolvent at the time of the Transfers.

18, The Transfers were made with one year the entry of a judgment against the Debtor of $323,353 in litigation in the California Superior Court, San Francisco County.

19. At all relevant times, the Transfers were avoidable under California Civil Code Sections 3439.04(a) and 3439.07 by one or more creditors who held or hold unsecured claims against the Debtor. These creditors include, but are not limited to, those creditors who are listed in the debtor's schedules as holding undisputed claims or who have filed proofs of claim in the bankruptcy case.

20. The plaintiff-trustee is entitled to an order and a judgment under 11 USC §§ 544(b) and 550(a) that the Transfers are avoided.

# SECOND CLAIM FOR RELIEF
### (Avoidance and Recovery of Constructive Fraudulent Transfer pursuant to 11 USC §§ 544(b) and 550(a) and California Civil Code §§ 3439.04(b) or 3439.05 and 3439.07)

21. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 20.

22. Plaintiff alleges, that there are present creditors of the Debtor and the Community Estate that existed at the time of the Transfers that remain unpaid as of the Petition Date. Plaintiff alleges, that future creditors of the Debtor and the Community Estate existed following the Transfers who remain unpaid as of the Petition Date.

22. Plaintiff alleges by virtue of the Transfers (1) the Debtor was insolvent at the time or became insolvent as a result of the Transfer; (2) the Debtor was engaged or about to become engaged in a business or transaction for which his remaining assets were unreasonably small in relation to the business or transaction; or (3) the Debtor intended to incur or believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

23. At all relevant times, the Transfers were avoidable under California Civil Code Sections 3439.04(b) or 3439.05 and 3439.07 by one or more creditors who held or hold unsecured claims against the Debtor and the defendant, Vanja E. Flak that were or are allowable against the bankruptcy estate under 11 USC § 502. These creditors include, but are not limited to, those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim in the bankruptcy case.

24. The plaintiff-trustee is entitled to an order and a judgment under 11 USC §§ 544(b) and 550(a) that the Transfers are avoided.

### THIRD CLAIM FOR RELIEF
### (Recovery of Fraudulent Transfer or the Value of the Fraudulent Transfer pursuant to 11 USC § 550(a)

25. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 24.

26. Plaintiff alleges the defendant, NSELF, is a transferee of the second Transfer and the defendant NSELF did not take such Transfer for value or in good faith and without knowledge of the voidability of the Transfer.

27. The Transfer is recoverable from the defendant NSELF as the transferee in that the Debtor or defendant Falk made the Transfer to NSELF with the actual intent to hinder, delay or defraud her creditors.

28. To the extent the Transfer to NSELF is avoided, the plaintiff may recover for the benefit of the estate $21,000.

### FOURTH CLAIM FOR RELIEF
### (Avoidance of Preferential Transfer 11 USC § 544(a)(3) and 11 USC § 547)

29. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 28.

30. Within one year before the petition date, the Debtor or the Community Estate transferred to the Defendant Falk and NSELF $21,000.

31. Defendant Falk is an immediate transferee of the $21,000 in that she exercised dominion and control over the $21,000 which she then transferred to NSELF to satisfy Falk's own premarital debt.

32. The transfers were made on account of an antecedent debt.

33. The transfers were made at a time the Debtor or the Community Estate were insolvent.

34. The transfers enabled the defendants Falk and/or NSELF to receive more than they would have if a Chapter 7 distribution had been made.

35. Plaintiff is entitled to an order avoiding the transfer pursuant to 11 USC § 547 and preserved for the benefit of the estate pursuant to 11 USC § 551.

## FIFTH CLAIM FOR RELIEF
### (Turnover of Property of the Estate 11 USC § 542)

36. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 35.

37. Among the property of the bankruptcy estate is the $21,000 taken by Falk and then transferred to NSELF for the benefit of the Defendant Falk, an insider.

38. Defendant NSELF is in possession of this property and defendant, Falk, received the benefit of the Transfer.

39. Plaintiff is entitled to an order compelling the defendants to turnover, account for and pay $21,000 to the Bankruptcy Estate for the benefit of the Chapter 7 creditors.

WHEREFORE, plaintiff asks for a judgment as follows against the defendants and each of them:

1. For a judgment avoiding the Transfer;

2. To the extent the Transfer is avoided, that the plaintiff recovers, for the benefit of the bankruptcy estate $21,000;

3. For interest as permitted by law;

4. For costs of suit;

5. For any other relief deemed proper.

Dated: December 18, 2019            Provencher & Flatt LLP

By   s/Douglas B. Provencher (77823)
     Douglas B. Provencher
     Attorneys for Trustee

5