Douglas B. Provencher (77823)
PROVENCHER & FLATT LLP
823 Sonoma Avenue
Santa Rosa, CA 95404-4714
Telephone: (707) 284-2380
Facsimile: (707) 284-2387

Attorneys for Linda S. Green, Trustee

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 19-30207 |
| **HARVEY ROBERT KLYCE** | Chapter 7 |
| Debtor. | Judge Hannah L. Blumenstiel |
| **LINDA S. GREEN, Trustee in Bankruptcy,** | A.P. No. 19-03051 |
| Plaintiff, | **TRUSTEE'S OPPOSITION TO DEFENDANT FLAK'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | |
| **VANJA ELISABETH FLAK, NORWEGIAN STATE EDUCATIONAL LOAN FUND,** | Date: February 6, 2020<br>Tune: 2:00 pm<br>Courtroom: 19 |
| Defendant. | |

Linda S. Green, Chapter 7 Trustee, opposes *Defendant Vanja Elisabeth Flak's Motion to Dismiss First Amended Complaint* as follows:

## Background

Harvey Robert Klyce filed his Chapter 7 on February 25, 2019. The defendant Vanja Elisabeth Flak was the debtor's spouse.

Before their marriage, Flak incurred an obligation to the Norwegian State Educational Loan Fund.

1

Opposition     Green v. Flak
19-30207

On January 31, 2018, Morgan Stanley Smith Barney, LLC obtained a judgment in the Superior Court of San Francisco against the debtor for $514,833. [POC 001].

On January 11, 2019, 45 days before the debtor filed his Chapter 7, Flak took control of $21,000 in a joint community property account and wired $21,000 to the Norwegian State Educational Loan Fund.

The trustee brought this action against the Norwegian State Educational Loan Fund and Flak for a preferential transfer and turnover of the $21,000. [First Amended Complaint Fourth and Fifth Causes of Action, Doc 10]

The trustee also brought claims for intentional and constructive fraudulent transfers against Flak and recovery of a fraudulent transfer as to the Norwegian State Educational Loan Fund. [FAC, First, Second and Third Causes of Action, Doc. 10]

Defendant Flak asks the court to dismiss all the claims against her. She cites three reasons.

First, she claims there was no transfer to her. Thus, she is not a transferee subject to liability.

Second, she claims since there was no transfer, she was not a transferee, nor did she benefit from the transfer exposing her to liability for a fraudulent transfer.

Finally, she argues she cannot be liable for a preference since there was no transfer.

The trustee disagrees.

**Flak made a transfer to herself, she is a transferee**

Since the trustee's right to recover from an initial transferee is absolute, if Flak is an initial transferee, the trustee may recover the $21,000 from her. [*Schafer v. Las Vegas Hilton Corp. (In re Video Deposit),* 127 F.3rd 1195, 1197-98 (9th Cir. 1997)]

A transferee is one who "has dominion and control over the money….and the right to put the money to one's own purposes."[*Abele v. Mod. Fin. Plans Servs. (In re Cohen)* 300 F.3rd 1097, 1100 (9th Cir 2002)]

The trustee alleges Flak "transferred" community property to herself and then used that money to pay $21,000 towards Flak's personal student debt obligation.

2

Opposition     Green v. Flak
19-30207

PROVENCHER & FLATT LLP
ATTORNEYS AT LAW
823 SONOMA AVE.
SANTA ROSA, CA 95404
(707) 284-2380

The fact she was authorized to exercise control of the money does not mean she did not transfer the community funds to herself. At the very least, she took $21,000 in community money and used it for her personal benefit. She reduced her student debt by $21,000.

Flaks says since a debtor cannot benefit from a transfer, that "A transfer by a non-filing spouse of the community property for which the community estate was liable that created a benefit no greater than the value lost by the transfer from the community estate is fundamentally no different than if the Debtor had made the transfer himself from the community funds toward a debt for which only he was personally liable but for which the community estate was also liable." [Motion to Dismiss, Doc 16, p. 9]

This is not correct. The debtor did not make this transfer. His spouse did. She took the $21,000 from the community and used it to pay towards her personal student debt. In essence, she converted community property days before her spouse filed Chapter 7 to pay towards her student debt.

The trustee cannot prove the debtor's intent at this point but the elements of a fraudulent transfer, either constructive or intentional are sufficiently present to allow this matter to proceed.

**Flak's conduct exposes her to liability.**

The trustee has attempted to set forth sufficient factual allegations to state her claims. Flak's conduct, taking control of $21,000 of community property and transferring it to partially satisfy Flak's premarital student debt, does not pass the "smell test."

If the court finds the allegations in the First Amended Complaint to be lacking the trustee requests leave to amend the complaint.

//
//

3

Opposition                                                                                                  Green v. Flak
                                                                                                            19-30207

## Conclusion

The trustee requests the court deny Flak's motion to dismiss and allow this matter to proceed. Alternatively, if the court finds some merit in Flak's motion, the trustee requests permission to amend the complaint.

Dated: January 23, 2020                    Provencher & Flatt LLP

By    *s/Douglas B. Provencher (77823)*
          Douglas B. Provencher
          Attorneys for Trustee