Entered on Docket
May 22, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA




Signed and Filed: May 22, 2020

HANNAH L. BLUMENSTIEL
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br>HARVEY ROBERT KLYCE,<br>Debtor. | Case No. 19-30207 HLB<br>Chapter 7 |
| LINDA S. GREEN, as Chapter 7 Trustee,<br>Plaintiff,<br>v.<br>NORWEGIAN STATE EDUCATIONAL LOAN FUND,<br>Defendant. | Adv. Proc. No. 19-03051 HLB |

**ORDER: (I) VACATING ENTRY OF DEFAULT; (II) DENYING MOTION FOR DEFAULT JUDGMENT; AND (III) CONTINUING SCHEDULING CONFERENCE**

On December 18, 2019, Plaintiff Linda S. Green, Chapter 7 Trustee, filed a First Amended Complaint[1] against Defendant Norwegian State Educational Loan Fund ("NSELF") and Vanja Elisabeth Flak.[2] On December 20, 2019, Ms. Green attempted to serve the FAC on NSELF, a Norwegian entity, via the Ministry of Justice and Public Security Department of Civil Affairs of

[1] Dkt. 10 (the "FAC").

[2] Ms. Flak has since been dismissed from this adversary proceeding. [Dkt. 22.]

Norway.[3] Ms. Green has not filed an acknowledgment of service of the FAC on NSELF.[4] Accordingly, there is no proof in the record that NSELF has been properly served with the FAC in accordance with Civil Rule 4(h)(2)[5] (as made applicable herein by Bankruptcy Rule 7004). Moreover, the court has not yet prescribed the time within which NSELF must respond to the FAC in accordance with Bankruptcy Rule 7012(a).

Notwithstanding the foregoing, the clerk entered default against NSELF on May 19, 2010.[6] And, on May 21, 2020, Ms. Green filed a motion for default judgment against NSELF.[7] Upon due consideration, the court **ORDERS** as follows:

(1) The Entry of Default is **VACATED.**

(2) The Motion is **DENIED** without prejudice.

(3) The scheduling conference is **CONTINUED** from June 4, 2020 at 2:00 p.m. to **August 6, 2020 at 2:00 p.m.** at 450 Golden Gate Avenue, 16th Floor, Courtroom 19, San Francisco, California 94102. **Prior to the scheduling conference, the parties should review the information on the court's website[8] pertaining to court operations**

---

[3] Dkt. 18.

[4] In contrast, Ms. Green has filed such acknowledgment with respect to the original complaint in this action. [Dkt. 24.]

[5] All references to "Civil Rules" shall refer to the Federal Rules of Civil Procedure, and all references to "Bankruptcy Rules" shall refer to the Federal Rules of Bankruptcy Procedure.

[6] Dkt. 26 (the "Entry of Default").

[7] Dkt. 27 (the "Motion").

[8] http://www.canb.uscourts.gov/content/page/court-operations-during-covid-19-outbreak



Case: 19-03051 Doc# 29 Filed: 05/22/20 Entered: 05/22/20 11:00:22 Page 2 of 4

**during the COVID-19 outbreak to determine whether the scheduling conference will be conducted in the courtroom or telephonically.**[9]

(4) At least 7 days prior to the continued scheduling conference, Ms. Green shall file a status conference statement advising as to any material developments, including status of service of the FAC. Failure to timely file the status conference statement may result in imposition of $250 sanction against Ms. Green's counsel.

(5) Upon receipt and filing of acknowledgment of service of the FAC, Ms. Green shall file an *ex parte* request for entry of an order setting a deadline for NSELF to respond to the FAC in accordance with Bankruptcy Rule 7012(a) and shall upload a proposed order granting such request which the court will act upon in due course.

****END OF ORDER****

---

[9] Second Amended General Order 38 closes the court to the public and requires all hearings to be conducted telephonically or by video through May 31, 2020. It is impossible to predict whether these provisions will extend beyond May 31.



Case: 19-03051 Doc# 29 Filed: 05/22/20 Entered: 05/22/20 11:00:22 Page 3 of 4

**Court Service List**

[None]